## Kozlowski v. O'Brien

*John R. Podova*, for plaintiff.
*Joseph Head*, for defendant.

GRIFFITHS, J., January 11, 1963.—This matter is before us on defendant's motion for a physical examination of plaintiff. The specific question before the court is whether Pa. R. C. P. 4010★(a)* requires defendant, in the event defendant proceeds with a physi-

cal examination of plaintiff, to give plaintiff a copy of the entire report of the physician who performs such physical examination, or whether defendant can exclude that part of the report in which the physician states his medical opinion. This question arises from the language of Pa. R. C. P. 4010★(a) and Pa. R. C. P. 4011(f).

Pennsylvania Rule of Civil Procedure 4010★ (a) provides:

"When a party submits to a physical or mental examination by a physician either pursuant to or without an order of the court, a copy of the written report of such examining physician shall be served upon said party's attorney within twenty days, and immediately upon receipt thereof, said party's attorney shall deliver to the attorney of the other party, a copy of any written report made by said party's own physician."

Pennsylvania Rule of Civil Procedure 4011 (f) provides:

"No discovery or inspection shall be permitted which . . . (f) would require a deponent, whether or not a party, to give an opinion as an expert witness, over his objection."

Defendant contends that Rule 4010★(a) must be construed in light of the language of Rule 4011(f), and that since plaintiff could not require defendant's physician to give his medical opinion under deposition, therefore defendant should not be compelled to give plaintiff that portion of the physician's report which contains his medical opinion.

Counsel have cited no reported cases, nor has our research disclosed any, in which this specific issue has been decided. Counsel have cited two unreported cases (Rothstein v. Hertz, C. P. No. 5, September term, 1961, no. 2456; and Kelly v. PTC, C. P. No. 2. December term, 1959, no. 1062), in which the issue appears to have arisen. In the Rothstein case an order was

entered that the report need not include that portion where the physician stated his medical opinion. In the Kelly case, on the other hand, the court ordered that the entire report be given to opposing counsel. In neither of the above-cited cases, however, was an opinion written setting forth the reasons for the court's action, and, therefore, they are of little help in arriving at our determination in the instant case.

As we read the two above-quoted rules, there is no conflict in their language, nor does Rule 4011(f) limit the scope of Rule 4010★(a). The explanatory note under Rule 4011(f), prepared by the Procedural Rules Committee, indicates that this rule was adopted as a result of the holding in the case of Evans v. Otis Elevator Co., 403 Pa. 13 (1961). In that case it was held that an expert for one party could not be compelled by the other party to testify as to his opinion. The taking of depositions is a matter of right, and since a party could not compel the other party's medical expert to state his opinion at the trial of the case, it is logical that he should not be permitted to secure such an opinion by means of a deposition.

Rule 4010, on the other hand, provides that the court "may" order a party to submit to a physical examination. It was because of this discretionary aspect of Rule 4010 that many courts, prior to the promulgation of Rule 4010★(a), required that, if a party submitted to a physical examination, the other party was required to provide a copy of the physician's report. See McCracken v. Doklan, 14 D. & C. 2d 694 (1958). This same reasoning is applicable in the instant case and provides the distinction between Rule 4010★(a) and Rule 4011(f).

A party need not request that the opposing party submit to a physical examination, and, if requested, the court need not order it to be done. If, however, a party does request a physical examination, he must be

aware that he will be required to submit a copy of the report of that examination to the party examined. A person being deposed, on the other hand, must submit to the deposition, and unless opinions were excluded, there would be no way that a party could prevent the opposing party from securing the opinion of his medical expert.

Furthermore, Rule 4010★(a) is not unilateral. Thus, in the instant case, if defendant should have his physician examine plaintiff and thereafter deliver a copy of the physician's report of that examination to plaintiff, plaintiff would be compelled to submit to defendant a copy of any written report made by plaintiff's own physician, including that physician's opinion. A holding that the reports exchanged must be the complete reports is consistent with the modern trend of requiring full and complete exchange of medical information, in order to facilitate the possibility of settlement.

For the foregoing reasons we enter the following

### Order

And now, January 11, 1963, defendant's motion for a physical examination of plaintiff is granted; and it is further ordered that defendant shall serve upon plaintiff's attorney, in accordance with Pa. R. C. P. 4010★(a), a copy of the complete written report of the examining physician; and that plaintiff's attorney shall thereupon deliver to defendant's attorney a copy of the complete written report made by plaintiff's physician or physicians.